IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

S.B. individually and on behalf of L.B.,   )
                                            )
                      Plaintiff             )
                                            )
          v.                                )
                                            )         1:19CV1042
Cornerstone Charter Academy, A              )
  Challenge Foundation Academy, Inc.,       )
                                            )
                      Defendant             )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant's Motion to Certify Order for Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3). Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves <u>a controlling question of law</u> as to which there is substantial ground for difference of opinion and that <u>an immediate appeal from the order may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Here, Defendant has not identified a controlling question of law. The decision that Defendant seeks to appeal is a discretionary pretrial decision regarding the scope of evidence to be considered on Plaintiff's IDEA claim, not a controlling legal question.

In addition, the immediate appeal of this evidentiary decision would not materially advance the ultimate determination of this litigation. Notably, even if Defendant prevailed and the Court did not consider the additional evidence in dispute, it appears that the state administrative decision would be subject to further review for a number of reasons.[1] In these circumstances, interlocutory appeal would not materially advance the termination of this litigation and would instead simply result in serial appeals. Likewise, if Plaintiff prevailed on appeal and the additional evidence is considered, further proceedings will be needed to address the Parties' contentions and resolve the claims in this case, as noted in

---

[1] For example, the ALJ's decision applied a standard that had been overruled by the Supreme Court in Endrew F. ex rel. Joseph F. v. Douglas County School Dist. RE-1, 137 S. Ct. 998 (2017). Specifically, in support of his conclusion, the ALJ found that "evidence that a student . . . has made *non-trivial* educational progress after receiving general education interventions . . . is a strong indicator that he does not require IDEA services." (ALJ Final Decision [Doc. #1-1] at 8-9) (emphasis added). However, in Endrew the Supreme Court discussed this misinterpretation of its prior decision in Rowley, and instead clarified that the IDEA "requires an educational program *reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances*." Endrew, 137 S. Ct at 1000-01 ("But whatever else can be said about it, this standard is markedly more demanding than the "merely more than *de minimis* " test applied by the Tenth Circuit."); see also Sauers v. Winston-Salem/Forsyth County Board of Education, 2018 WL 1621516 (M.D.N.C. March 30, 2018) (discussing mis-application of the Rowley standard prior to Endrew).

    In addition, the ALJ found that "Petitioner did not offer any evidence of academic struggles during the 2017-18 academic year." (ALJ Final Decision at 8-9.) However, the evidence considered by the ALJ includes the testimony of S.B.'s mother regarding LB's significant academic struggles, including his inability to pass the state End of Grade math assessments for any of the prior 2 years. (Tr. Vol. II at 202-08.) The ALJ failed to address this evidence or reconcile it with the finding that "Petitioner did not offer any evidence of academic struggles during the 2017-18 academic year."

    Further, the ALJ found that no evaluation of LB was required because Plaintiff had failed to establish that "a reasonable educator would have suspected that LB was a student with a disability." (ALJ Final Decision at 9.) However, the ALJ also found that LB's parent, SB, had requested an evaluation, which itself triggers the provisions of the IDEA. 20 U.S.C. § 1414(a)(1)(B); 34 CFR § 300.301, 300.303; (ALJ Final Decision at 8). Thus, it appears that the ALJ conflated the standards under the "child-find" provisions and "parent request" provisions. To the extent Defendant contends that the failure to evaluate was harmless, or that the IEP team meeting itself satisfied the evaluation requirement, Defendant necessarily relies on the IEP team's decision, but that decision was not admitted before the ALJ and therefore could not be invoked to render harmless the undisputed failure to evaluate unless the additional evidence is considered.

the prior Order [Doc. #30]. Thus, regardless of the resolution of the evidentiary decision, multiple issues would remain, and the interlocutory appeal would only serve to delay the resolution of the case.[2]

Ultimately, Defendant is seeking to pursue an interlocutory appeal on a discretionary pretrial evidentiary issue that would not finally resolve Plaintiff's IDEA claim in this case, and the Court will recommend that the Motion to Certify Interlocutory Appeal be denied.

IT IS THEREFORE RECOMMENDED that the Motion to Certify Interlocutory Appeal [Doc. #37] be denied.

This, the 15th day of November 2021.

/s/ Joi Elizabeth Peake<br>United States Magistrate Judge

---

[2] The Court notes that, in support of the Motion, Defendant again contends that this Court is bound by the procedural posture of the case in the state administrative proceeding. However, the District Judge specifically overruled that contention and noted that "while federal courts grant deference to the factual findings of the state hearing officers, an action under 20 U.S.C. § 1415 is an original action in federal court and not a direct appeal of a state administrative decision. See Kirkpatrick v. Lenoir Cnty. Bd. of Educ., 216 F.3d 380, 386-87 (4th Cir. 2000)." (See Order [Doc. #36].) As explained by the Fourth Circuit in Kirkpatrick, this Court does not affirm, reverse, or vacate the state administrative decision; instead, this case is before the Court as an original civil action, and pursuant to 20 U.S.C. § 1415(i)(2), the Court must make a decision by a preponderance of the evidence, based on the records of the administrative proceedings and additional evidence as may be permitted in the discretion of the Court, with deference to the state hearing officer's factual findings. Kirkpatrick, 216 F.3d at 384-87.